UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS DANIEL MAESTRE-
BERROTERAN,

Petitioner,

v.

MARKWAYNE MULLIN; TODD
BLANCHE; DAVID VENTURELLA;
JULIO HERNANDEZ[1]; and BRUCE
SCOTT,

Respondents.

C26-2460 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus, docket no. 1.  Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following order.

**Background**

Petitioner Carlos Daniel Maestre-Berroteran is a citizen of Venezuela.  See Pet. at ¶ 12 (docket no. 1).  On July 1, 2022, he entered the United States with his wife and

---

[1] Julio Hernandez, Acting Director of the Seattle Field Office for Enforcement and Removal Operations, United States Immigration and Customs Enforcement, is SUBSTITUTED for Cammilla Wamsley.  Fed. R. Civ. P. 25(d); see also Notice of Appearance at 1 n.1 (docket no. 3).

ORDER - 1

minor child without inspection and was encountered by United States Border Patrol ("USBP") officers near Eagle Pass, Texas. Arias Decl. at ⁋ 4 (docket no. 5). On July 2, 2022, USBP personally served Petitioner with a Notice to Appear, Ex. C to Collins Decl. (docket no. 6-3), which was filed with an immigration court the following day. Arias Decl. at ⁋ 5 (docket no. 5). On July 3, 2022, Petitioner was placed in removal proceedings and released on an Order of Release on Recognizance ("OREC"). Id. at ⁋ 6; Exs. D & E to Collins Decl. (docket nos. 6-4 & 6-5). As relevant here, two conditions for release stated that (i) Petitioner must not commit any crimes, and (ii) any violation of the conditions "may result in you being taken into ICE custody and you being criminally prosecuted." 1st OREC at 3, Ex. E to Collins Decl. (docket no. 6-5). On November 18, 2023, Petitioner filed an I-821—Application for Temporary Protected Status ("TPS") with United States Citizenship and Immigration Services ("USCIS"). Arias Decl. at ⁋ 7 (docket no. 5). On March 20, 2024, USCIS granted Petitioner's TPS application. Id. at ⁋ 8. On April 13, 2025, Petitioner filed an I-821 in order to maintain his TPS; USCIS later terminated his application. Id. at ⁋⁋ 9–10.

On December 22, 2025, the Washington State Patrol arrested Petitioner in Bellevue, Washington for Reckless Endangerment and Driving Under the Influence of Alcohol.[2] Id. at ⁋ 11. On April 28, 2026, Petitioner was released on a new OREC with alternative to detention requirements. 2d OREC at 1, Ex. G to Collins Decl. (docket

---

[2] The resolution of this incident is not clear from the record. Petitioner claims the charges have been dismissed, but the King County District Court Order on Conditions of Release/Commitment states merely that the "State declines to rush file charges at this time." Ex. E to Pet. (docket no. 1-2 at 16).

ORDER - 2

no. 6-7).  The same two relevant release conditions were also included in this new OREC. See id. at 3.

On June 10, 2026, while Petitioner reported for a routine check-in, United States Immigration and Customs Enforcement ("ICE") Enforcement Removal Operations ("ERO") officers arrested Petitioner pursuant to an I-200 (warrant for arrest of alien), and booked him into the Northwest ICE Processing Center ("NWIPC").  Arias Decl. at ¶ 13 (docket no. 5).  An ERO officer's I-213 Form describes the incident as follows: Petitioner reported to the Seattle Field Office in accordance with the reporting requirements of his OREC, ERO officers learned that Petitioner had been arrested by the Washington State Patrol on December 22, 2025, ERO officers informed Petitioner that they had a warrant for his arrest, and they detained Petitioner.  Ex. H to Collins Decl. (docket no. 6-8 at 3). The same form acknowledges that Petitioner presented himself to the ICE ERO office after having been arrested by the Washington State Patrol and that he was released on recognizance with an alternative to detention requirement.  Id. at 4.  In a memorandum dated June 10, 2026, ICE "cancelled the most current Order of Release on Recognizance (Form I-220A) issued" to Petitioner for the reasons stated in the I-213 Form.  Ex. K to Collins Decl. (docket no. 6-11 at 2).

Petitioner was re-detained without prior notice or a pre-deprivation hearing, see Pet. at ¶ 17 (docket no. 1), and he now seeks inter alia immediate release from NWIPC, see id. at 32, ¶ 5.

ORDER - 3

**Discussion**

Respondents do not challenge the Court's jurisdiction. The Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States." See 28 U.S.C. § 2241(c)(3).

Whether the manner in which an alien was re-detained comported with due process is analyzed pursuant to the three-part standard set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See G.S. v. Hermosillo, 2026 WL 179962, at *2 (W.D. Wash. Jan. 22, 2026). All three Mathews factors weigh in petitioner's favor: (i) he has a protected liberty interest in not remaining in custody at NWIPC, (ii) the absence of pre-deprivation procedures created an unacceptably high risk of erroneous deprivation, and (iii) the governmental interest in petitioner's re-detention without a hearing is minimal or non-existent. See id. at *3; P.T. v. Hermosillo, 2025 WL 3294988, at *2–4 (W.D. Wash. Nov. 26, 2025); see also Yildirim v. Hermosillo, 2026 WL 111358, at *4 (W.D. Wash. Jan. 15, 2026) (noting that any factual disputes related to the justification for a petitioner's re-detention should be resolved at a pre-deprivation hearing, not after-the-fact during habeas proceedings).

Respondents acknowledge that courts in this District have held that the revocation of an order of release on recognizance "requires a pre-detention hearing to determine if that noncitizen is a flight risk or a danger to the community." Return at 10 (docket no. 4) (citing E.A.T.-B. v. Wamsley, 2025 WL 2402130, at *5 (W.D. Wash. Aug. 19, 2025)). Respondents claim that E.A.T.-B. erroneously conflated 8 C.F.R. §§ 1236.1(c)(8) and (c)(9), and that (c)(9) does not require an officer to determine dangerousness or flight risk prior to revoking an order of release on recognizance. Id. This argument has previously

ORDER - 4

been rejected, and the Court does so again here.  See S.S. v. Hermosillo, 2026 WL 183565, at *2 (W.D. Wash. Jan. 23, 2026) (distinguishing the Government's claimed authority to detain from the process by which petitioners are detained).

Respondents argue that, if the Court determines that the Mathews factors weigh in Petitioner's favor, the appropriate remedy is not immediate release, but instead a post-deprivation hearing, "consistent with other cases where a petitioner was re-detained following a criminal arrest while released on OREC."  Return at 12 (docket no. 4) (citing Singh Sandhu v. Noem, 2026 WL 607701, at *2 (W.D. Wash. Mar. 4, 2026)).  Singh Sandhu is distinguishable because the petitioner in that case was taken into ICE custody after the order of release on recognizance in effect at the time was violated.  Petitioner here received a new OREC after ICE first learned of his arrest by the Washington State Patrol, and ERO officers arrested him again, approximately six months later, despite no violations of the new OREC.

Respondents also seemed to suggest that Petitioner is now in mandatory custody pursuant to 8 U.S.C. § 1225(b)(2), see Return at 2 (docket no. 4), but such contention is inconsistent with the jurisprudence of the Ninth Circuit.  See Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026); see also Mena Torres v. Wamsley, 807 F. Supp. 3d 1266, 1271 (W.D. Wash. Oct. 8, 2025) (§ 1226 "applies to aliens who are already present in the country, but might be removable because they either were inadmissible at the time of entry or have been convicted of one or more statutorily-enumerated criminal offenses").

**Conclusion**

For the foregoing reasons, the Court ORDERS:

ORDER - 5

(1)     The petition for a writ of habeas corpus, docket no. 1, is GRANTED, and within twenty-four (24) hours of the entry of this Order, respondents shall RELEASE from custody at the NWIPC Petitioner Carlos Daniel Maestre-Berroteran;

(2)     Within forty-eight (48) hours of the entry of this Order, respondents shall file a declaration confirming that Petitioner has been released from custody;

(3)     Petitioner shall remain at liberty under the terms and conditions, if any, applicable prior to his recent re-detention, see 2d OREC, Ex. G to Collins Decl. (docket no. 6-7), and Petitioner shall comply with those terms and conditions unless they are amended after providing petitioner at least thirty (30) days' advance written notice and an opportunity to be heard;

(4)     Respondents shall not re-detain Petitioner without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker;

(5)     The Clerk is directed to enter judgment consistent with this Order after the declaration required by Paragraph 2 above has been filed and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 10th day of August, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 6